**COURT OF CHANCERY
OF THE
STATE OF DELAWARE**

KIM E. AYVAZIAN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947
AND
LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19980-3734

October 24, 2016

Charles R. Getz, Jr.
SBI 00164255
JTVCC
1181 Paddock Road,
Smyrna, DE 19977

RE:   In Forma Pauperis and Complaint/ Motion for Declaration of Rights/Motion for Injunctive Relief

Dear Mr. Getz:

Before me is your motion filed on August 12, 2016, seeking reargument of the Court's Final Order dated August 2, 2016, which approved and adopted the findings of facts in the Master's Final Report recommending dismissal of your complaint and related motions as legally frivolous within the meaning of 10 *Del. C.* § 8803(b).  Specifically, you object to:  (a) Court of Chancery Rule 144(d)(1), that allows only eleven (11) days for filing a notice of exception to a master's draft report; (b) not receiving the Master's Draft Report dated July 21, 2016 until July 24, 2016; (c) the fact that, despite your diligence in preparing the exceptions, they were not deposited in the U.S. mail at the prison until July 28, 2016; (d) your

incarceration prohibiting any other form of access to the Court; (e) being held responsible for the inefficiencies in the prison mail system and the United States mail despite your lack of control over them; and (f) the inclusion of four non-working days between July 21st and August 1st which limited your ability to meet the filing deadline. For the reasons that follow, I recommend denial of the motion for reargument.

Under Court of Chancery Rule 59(f), a motion for reargument may be served and filed within five days "after the filing of the Court's opinion or the receipt of the Court's decision."[1] Rule 6(a) governs the computation of time and provides, in relevant part, that when the time prescribed is less than eleven days, "intermediate Saturdays, Sundays and other legal holidays shall be excluded in the computation."[2] In your motion, you allege that you were served on August 6th with the Court's Final Order, dated August 2nd, and my letter dated August 4th, informing you that the exceptions you had filed to the Master's Draft Report were untimely. August 6th was a Saturday, so under Rule 6(a), your motion for reargument had to be filed no later than August 12th. Your motion was timely filed.

On July 21, 2016, I issued a draft report after reviewing your application to proceed *in forma pauperis* to file a complaint seeking declaratory and injunctive

---

[1] Ct.Ch.R. 59(f).

relief pertaining to the Delaware Board of Parole's denial of your application for parole in August 2015. In the draft report, I approved your request to proceed *in forma pauperis* and waived payment of fees and costs. After reviewing the complaint, I found that you had an adequate remedy at law, i.e., a writ of certiorari or a writ of mandamus appealing the decision of the Parole Board in the Superior Court or a writ of certiorari in the Supreme Court. As a result, I found that this Court, as a court of limited jurisdiction, lacks subject matter jurisdiction over your complaint. For this reason, I concluded that your complaint and its related motions were legally frivolous within the meaning of 10 *Del. C.* § 8803(b), and recommended their dismissal.

At the end of my draft report, I referred you to the process of taking exception to a Master's Draft Report under Court of Chancery Rule 144. Rule 144(b) states in pertinent part: "any party failing to file a notice of exception within the period prescribed by this rule shall be deemed to have waived the right to review the report[.]"[3] Under Rule 144(d)(1), a party "shall file a notice of exceptions within eleven days of the date of the report."[4] The deadline for filing a notice of exceptions to my draft report was August 1st. Your "Plaintiff's Exceptions to Master's Draft Report" was filed on August 2nd, and was untimely.

---

[2] Ct.Ch.R. 6(a).
[3] Ct.Ch.R. 144(b).
[4] Ct.Ch.R. 144(d).

Since you failed to file your notice of exceptions within the prescribed eleven (11) days from the date of the Master's Draft Report, it was deemed a Master's Final Report and, following review by the Chancellor, was approved and adopted as a Final Order of the Court on August 2nd. In your motion for reargument, you are now asking the Court to: (1) vacate its August 2nd Final Order; (2) declare that your exceptions to the Master's Draft Report were timely filed; (3) reject the Master's findings that the Court lacks subject matter jurisdiction and your complaint is legally frivolous; and (4) proceed to address your complaint and motions.

A motion for reargument is governed by Rule 59(f). The standard on a motion for reargument is whether "the Court has misapprehended a material fact or rule of law" and whether the misapprehension is "such that the outcome of the decision would be affected."[5] Your motion fails to satisfy this standard. You point to no material fact or rule of law that was misapprehended or misapplied by the Chancellor who, after reviewing the Master's Final Report, approved the report's recommendations and adopted the report's finding of facts as a Final Order of the Court. Instead, you attack the validity of Rule 144 and the efficiencies (or lack

---

[5] *Sunrise Ventures, LLC v. Rehoboth Canal Ventures, LLC*, 2010 WL 975581, at 1 (Del. Ch. March 4, 2010)(quoting *Cole v. Kershaw*, 2000 WL 1336724, at 3(Del. Ch. Sept. 5, 2000)).

thereof) of the United States Post Office and the prison mail system. None of these are meritorious grounds for reargument.

Since the Supreme Court has remanded this matter to the Court for a ruling on your pending motion for reargument[6], I am waiving a draft report and issuing this as my final report. Please refer to Rule 144 for the process of taking exception to a Master's Final Report.

Respectfully,

/s/ Kim E. Ayvazian

Kim E. Ayvazian
Master in Chancery

KEA/kekz
Enclosure

---

[6] See *Getz v. Board of Parole*, No. 449,2016 (Del. Oct. 21, 2016)(ORDER).